FILED

2008 APR -3  PM 5: 46

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                Case No. 2:06-cv-582-FtM-34SPC

TRACT J03-60, 20.00 ACRES OF LAND,
MORE OR LESS, WITH ALL
IMPROVEMENTS, IN COLLIER COUNTY,
FLORIDA, HAROLD E. PONTIOUS, ET.
AL.,

    Defendants.
_____/

## OPINION AND ORDER

**THIS CAUSE** came before the Court on March 27, 2008, for a bench trial on the matter of just compensation in six condemnation proceedings. All parties known or believed by Plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71A. No property owner or other claimant appeared at trial.

The Court heard testimony on behalf of Plaintiff from John R. Underwood, Jr., the President and Owner of Appraisal and Acquisition Consultants, regarding the value of the properties and the improvements. Mr. Underwood testified that he has appraised over 600 tracts of land in the Everglades, 80 tracts of land in the Big Cypress National Preserve, and over 200 fresh water wetland properties. With regard to common characteristics of

the land, Mr. Underwood testified that the properties were all (1) remote, (2) only accessible by airboat, swamp buggy, and/or air, and (3) located in conservation zoning. Mr. Underwood further testified that the highest and best use of the properties was passive recreational. As to Case Numbers 2:06-cv-471-FtM-34SPC, 2:06-cv-581-FtM-34SPC, 2:06-cv-582-FtM-34SPC, which all involved improvements on the land, Mr. Underwood testified that none of the structures was built with the requisite permits and none was built "to code." In addition, Mr. Underwood testified that, with the exception of the improvements in Case Number 2:06-cv-582-FtM-34SPC, the structural integrity of the improvements was poor. No evidence was presented to the contrary.

In all of the cases, the government took immediate possession of the property pursuant to a Declaration of Taking and an Order for Delivery of Possession, and deposited an amount representing the estimated just compensation. In those cases where taxes were due and owing, the Court disbursed funds on deposit in the Registry of the Court to the Collier County Tax Collector. Additionally, pre-trial disbursements were made to various claimants in all but Case Number 2:06-cv-471-FtM-34SPC, and monies remain in that case with claimant applications currently pending before the Court.

Upon consideration of Mr. Underwood's testimony and other evidence, it is **ORDERED AND ADJUDGED**:

Just Compensation as to each tract of property is as follows:

| TRACT NO. (PROPERTY) | ESTIMATED COMPENSATION | MONIES DISBURSED (after taxes; not including interest) | JUST COMPENSATION DETERMINED |
|---|---|---|---|
| Tract H18-18 (1.25 acres) 6cv467 | $1,250.00 | $1,237.09 | $1,900.00 ($1,500/acre) |
| Tract J25-26 (2.5 acres) 6cv469 | $2,500.00 | $2,500.00 | $3,800.00 ($1,500/acre) |
| Tract J32-47[1] (10.0 acres) 6cv471 | $35,300.00 (improvements on land only) | $0 | |
| Tract J22-24 (10.0 acres) 6cv482 | $10,000.00 | $8,877.41 | $15,000.00 ($1,500/acre) |
| Tract J02-48 (10.0 acres) 6cv581 | $25,300.00 (improvements on land only) | $25,300.00 | $26,400.00 |
| Tract J03-60 (20.00 acres) 6cv582 | $33,300.00 (improvements on land only) | $33,300.00 | $56,900.00 |

The Court further finds and concludes that:

---

[1] Mr. Underwood testified that the value of the improvements in Case Number 2:06-cv-471-FtM-34SPC was $10,500. Given the discrepancy between Mr. Underwood's valuation and the estimated just compensation the government deposited into the Registry of the Court, the Court is taking the issue of the just compensation for Tract J32-47 under advisement.

1. Title in the property in Case Numbers 2:06-cv-467-FtM-34SPC and 2:06-cv-469-FtM-34DNF shall be vested in the United States of America by operation of law as of September 11, 2006, and title in the property in Case Number 2:06-cv-482-FtM-34DNF shall be vested in the United States of America by operation of law as of September 12, 2006. As of September 11, 2006, and September 12, 2006, the fair market value of each tract was $1,500.00 per acre as set forth in the chart above. Title in the improvements in Case Numbers 2:06-cv-581-FtM-34SPC and 2:06-cv-582-FtM-34SPC shall be vested in the United States of America by operation of law as of October 25, 2006. The fair market value of the improvements on the land in these cases is set forth above.[2]

2. The Clerk of the Court shall enter Judgment immediately, notwithstanding disbursements, as provided above and incorporating the contents of this Opinion and Order for all cases herein with the exception of Case Number 2:06-cv-471-FtM-34SPC.[3]

3. The payment of Just Compensation, as provided above, shall be in full satisfaction of any and all claims of whatever nature against the Plaintiff by reason of its institution and prosecution of this action and the taking of the property.

4. The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatever nature existing against the property at the time of vesting title in the Plaintiff. Such taxes, liens and encumbrances are payable and deductible from the Just Compensation, to the extent established and proven to the Court upon application.

---

[2] In each case, title in the property or the improvements vested as of the date the Declaration of Taking was filed by Plaintiff.

[3] As indicated above, the Court has taken the issue of the just compensation for Tract J32-47 under advisement and will enter an appropriate order.

5. The Just Compensation includes the estimated just compensation previously deposited by the Plaintiff. The Plaintiff shall deposit into the Registry of the Court that portion of the just compensation, if any, in excess of the amount of the estimated just compensation previously deposited, plus interest accrued at the rate established pursuant to 40 U.S.C. § 258e-1 from the date of the taking, until the date of the deposit. Such deposit shall be made within **SIXTY (60) DAYS** of the entry of this Opinion and Order. The Plaintiff shall otherwise notify the Court of estimated compensation previously deposited in excess of the ultimate valuation.

6. The Clerk of the Court will retain the deposited Just Compensation until further order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation.

7. The Clerk of the Court shall administratively close all cases without terminating any pending motions or outstanding applications, not to exceed **five (5) years**. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a zero balance so that the case may be closed.

8. In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **five (5) years** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

9. The findings and conclusions made by this Court in its Order Granting Plaintiff's Motion for *Ex Parte* Order for Delivery of Possession are incorporated herein and are adopted by the Court.

**DONE AND ORDERED** in Fort Myers, Florida, this 3rd day of April, 2008.

**MARCIA MORALES HOWARD**
United States District Judge

lc3

Copies to:

J. Rudy, III, Assistant U.S. Attorney
United States Attorney's Office

E. Glenn Tucker, Counsel of Record
Collier County Tax Collector

Unrepresented parties

Finance